Knoch, Senior Circuit Judge, dissented and filed opinion.

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WINNEBAGO TELEVISION CORP., d/b/a WTVO Television Station, Respondent.**

**No. 18377.**

United States Court of Appeals, Seventh Circuit.

Feb. 1, 1971.

Rehearing Denied April 5, 1971.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel,

Marcel Mallet-Prevost, Asst. Gen. Counsel, Abigail Cooley Baskir, Stanley R. Zirkin, Attys., N. L. R. B., Washington, D. C., for petitioner.

Francis E. Hickey, Henry J. Close, Rockford, Ill., for respondent.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and KERNER, Circuit Judge.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its order issued on June 27, 1969 against Winnebago Television Corp., d/b/a WTVO Television Station.[1] The Board found that the company violated section 8(a) (5) and (1) of the National Labor Relations Act by its refusal to bargain with the union[2] which had been certified as the exclusive bargaining representative in an appropriate unit following a representation proceeding. The company operates a television broadcasting station in Rockford, Illinois. It has approximately sixty-five employees and functions through eight departments, designated respectively, production, news, creative, art, film, engineering, sales, and accounting.

In August 1968 the union, which already represented the fifteen technicians in the engineering department, filed two representation petitions with the Board, in which it sought to represent the employees in the news department and those in the production department. The Regional Director directed an election be held in a unit of news department employees, but dismissed the peti-
*the subject matter.*" (Italics added).
tion for representation of the production department. The Regional Director, however, gave the union the option of proceeding to an election either in the news department alone or in a unit including employees in the production, news, art, film, and creative departments, but excluding the engineers

currently represented by the union. The union elected to proceed to an election in the news department alone.

The news department consists of two news photographers, two news reporters, and a newscaster who is concededly a supervisor. The election, conducted in January 1969, resulted in a majority of this unit voting to be represented by the union. As a result, the Regional Director certified the union as the collective bargaining representative of the news department unit.

The company refused to bargain with the union. Thereafter the union filed an unfair labor practice charge with the Board. The Board, agreeing with the findings and recommendations of the trial examiner, issued the order requiring the company to bargain with the union and to post appropriate notices.

The sole issue is whether the Regional Director properly determined that the news department employees constituted an appropriate unit for purposes of collective bargaining.

The company contends that the Regional Director erred in giving the union a choice of the unit in which it would proceed to an election. It is argued that the union was thus given an option to organize the employees on a piecemeal basis. The company also contends that the two outside cameramen who work with the news reporters should properly be placed in the existing engineering unit.

We have long recognized that "the Board has vast discretion in deciding the unit appropriate for the purposes of collective bargaining." Allis-Chalmers Mfg. Co. v. NLRB, 162 F.2d 435, 439 (7th Cir. 1947); *accord,* State Farm Mutual Automobile Ins. Co. v. NLRB, 411 F.2d 356, 358 (7th Cir.), cert. denied, 396 U.S. 832, 90 S.Ct. 87, 24 L.Ed.2d 83 (1969). The record shows that the news department comprised a distinct group under supervi-

---

1. The Board's decision and order are reported at 177 N.L.R.B. No. 25 (1969).

2. Local 1220, International Brotherhood of Electrical Workers, AFL-CIO.

sion separate from the other departments and that the news cameramen have more of a "community of interest" with the reporters than with the technicians.

█ We are of the view that the Board did not act arbitrarily or abuse its discretion in concluding that the employees in the news department constitute a unit appropriate for purposes of collective bargaining.

The Board's order will be enforced.

KNOCH, Senior Circuit Judge (dissenting).

Unless the several organized units will arrange to renew their contracts at the same time, some "whipsaw" effect seems inevitable.

Such "whipsawing" can be detrimental not only to management and union negotiations, but can multiply the chances of cessation or diminution of business operations to the damage of the viewing public.

I would deny enforcement of the Board's Order.